# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ALFONSO SALINAS, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:13-CV-370-PRC |
| | ) | |
| SPEEDWAY, L.L.C., | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion In Limine [DE 16] filed with the Court on March 10, 2015; on Defendant's Response in Opposition to Plaintiff's Motion in Limine filed with the Court on March 30, 2015; and on Plaintiff's Reply to Defendant's Response to Plaintiff's Motion in Limine filed with the Court on March 31, 2015.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the

right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1. Evidence of or argument about who pays the verdict if the jury awards damages.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

2. Argument that Plaintiff Salinas failed to mitigate his damages unless the evidence shows otherwise.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

3. Argument that Plaintiff Salinas' medical expenses and worker's compensation payments were paid by his employer without also arguing or presenting by evidence that worker's compensation payments must be reimbursed.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

4. Evidence of or argument about prior unrelated medical conditions of, and unrelated medications taken by, Plaintiff Salinas or any other trial witness.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

5. Evidence of or argument about other accidents, unrelated injuries, or other lawsuits suffered by, or filed by, Plaintiff Salinas.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

6. Evidence of or argument about physician Dr. Ralph W. Richter, Jr. stating that Plaintiff Salinas has a zero impairment rating for worker's compensation purposes.

RULING: The Plaintiff's Motion In Limine is **DENIED** in this regard.

7. Evidence of or argument that no other invitee has been injured at the area on the premises where Plaintiff Salinas fell.

RULING: The Plaintiff's Motion In Limine is **DENIED** in this regard.

8. Argument that litigation is like trying to win a lottery or other similar argument or comments.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

Wherefore, the Plaintiff's Motions In Limine [DE 16] is **GRANTED** in part and **DENIED** in part.

SO ORDERED this 31st day of March, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record